UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| JESUS SIFUENTES-BRAVO <br><br> Plaintiff, <br><br> v. <br><br> C. R. BARD, INCORPORATED <br><br> Defendant. | § § § § § § § § § § § § § <br><br> Civil Case No. 2:19-cv-00023 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant C.R. Bard, Inc., (hereinafter "Defendant") hereby removes this action from the 293rd Judicial District Court of Maverick County in the State of Texas, to the United States District Court for the Western District of Texas, Del Rio Division based on diversity jurisdiction under 28 U.S.C. §§ 1332. In support of removal, Defendant states as follows:

**I.   FACTUAL AND PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1. On or about April 8, 2019, Plaintiff Jesus Sifuentes-Bravo filed an Original Petition against Defendant in the 293rd Judicial District Court of Maverick County in the State of Texas, entitled *Jesus Sifuentes-Bravo v. C.R. Bard, Incorporated*, Cause No. 19-04-37204-MCV ("Pet.," attached as part of Exhibit A). Exhibit A is "a copy of all process, pleadings, and orders" served upon Defendant in this action, as required by 28 U.S.C. § 1446(a).

2. In the Original Petition, Plaintiff alleges that a "Bard Ventralight ST Mesh," manufactured, sold and/or distributed by Defendant, was implanted in Plaintiff, Jesus Sifuentes-Bravo Maurice, on April 3, 2017, in connection with his hernia repair. *See* Pet. at ¶7. Plaintiff alleges that he required additional medical treatment and has suffered serious and permanent

injuries to his body, including physical pain, mental anguish, and permanent bodily impairment as a result of the implant. *Id.* at ¶9. .

3. In all, Plaintiff asserts claims for negligence and strict liability, against Defendant.

4. Defendant was served with process on April 25, 2019. *See* Ex. A. Defendant is filing this Notice of Removal within thirty (30) days of service, per 28 U.S. Code § 1446(b)(1). As such, removal is timely.

5. Promptly after the filing of this Notice, Defendant will serve written notice of this removal on Plaintiff's counsel and file a copy of this Notice of Removal with the 293rd Judicial District Court of Maverick County, as required by 28 U.S.C. § 1446(d).

6. The Western District of Texas, Del Rio Division, is the federal judicial district encompassing the 293rd Judicial District Court of Maverick County. *See* 28 U.S.C. § 124(b)(4). Venue is therefore proper in this district and division under 28 U.S.C. § 1441(a).

## II.   THIS COURT HAS DIVERSITY JURISDICTION

7. This Court has diversity jurisdiction over this case because each party is, and was at the time Plaintiff filed his Original Petition, citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

### A.   The Amount in Controversy Is Met.[1]

8. Plaintiff admits he seeks damages "over $200,000 but not more than $2,000,000." *See* Pet. at ¶11. Accordingly on the face of the Original Petition, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C § 1332(a); *see Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961) ("The general federal rule has long been to decide

---

[1] The defendant need make only a short and plain statement regarding the amount-in-controversy in a notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 US ____, ____, 135 S.Ct. 547, 553, 190 L.Ed.2d 495, 502 (2014) (citing 28 U.S.C. § 1446(a).).

what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.")); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992); *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 607 (N.D. Tex. 2006) ("In general, the court will look to the plaintiff's complaint regarding the pleaded amount in controversy . . ..").

9. While Plaintiff's allegation that the amount in controversy exceeds $75,000 is enough to establish the jurisdictional minimum, a review of the Original Petition proves, by a preponderance of the evidence, that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). *See also In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005) (holding that the amount-in-controversy to be satisfied where Plaintiff alleged economic loss, medical and health expenses, and claimed serious medical conditions); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."); *Great Tenn. Pizza Co. v. BellSouth Telecomm., Inc.*, No. 3:10-cv-151, 2011 WL 1636234, at *1 & n.3 (E.D. Tenn. Apr. 29, 2011); s*ee also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence"); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000"); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (medical

device product liability complaint alleging similar injuries and seeking similar compensation satisfies amount- in-controversy for federal diversity jurisdiction).

10. Plaintiff alleges "physical pain" "mental anguish," and "physical impairment," including physical pain, mental anguish, and physical impairment that "in reasonable probability, he will suffer in the future." Pet. at ¶9. Plaintiff seeks past and future physical pain and mental anguish damages, as well as future and past medical expenses, damages for loss of earning capacity, and damages for physical impairment. *Id.*

11. The Fifth Circuit has held that the amount in controversy exceeded $75,000 based on allegations of damages similar to the ones made by Plaintiffs in this case. *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (injuries to right wrist, left knee and patella, upper and lower back coupled with "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" supported finding that "claimed damages exceeded $75,000"); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) ("alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization" was sufficient to meet $75,000 amount-in-controversy requirement). Here, Plaintiff alleges injuries much greater than those in *Luckett*, including permanent physical disability, future medical expenses, physical pain, mental anguish, and lost income.

12. In addition, a number of other plaintiffs have brought similar product liability actions against Defendants in federal court that specifically plead an amount-in-controversy in excess of $75,000. *See, e.g., Fiebig v. Davol Inc.,* No. 3:14-cv-01954 (N.D. Tex. filed June 16, 2014) (product liability case regarding Ventrio hernia patch and alleging damages in excess of

amount-in-controversy for federal diversity jurisdiction); *Burge v. Davol Inc.*, No. 1: 07-CV-06885 (N.D. Ill. filed Dec. 6, 2007) (Kugel mesh patch case seeking damages in excess of amount required by 28 U.S.C. § 1332); *Terrell v. Davol Inc.*, No. 2:13-cv-05074 (E.D. Pa. filed Aug. 28, 2013) (Marlex Mesh case alleging damages in excess of amount-in-controversy for federal diversity jurisdiction).

13. For these reasons, the amount of recovery sought by Plaintiff clearly exceeds $75,000, exclusive of interest and costs.

   **B.** **Diversity Exists Because Defendant and Plaintiff are Citizens of Different States.**

14. The requirement that this be a civil action between citizens of different states for establishing diversity jurisdiction under 28 U.S.C. § 1332 is also met here. Plaintiff's Original Petition is a civil action, and Plaintiff alleges he/she is a "natural person and a resident of Eagle Pass, Maverick County, Texas." Pet. at ¶2. Hence, Plaintiff is a citizen of Texas.

15. C.R. Bard, Inc. is, and was at the time of the filing of the Original Petition, a New Jersey Corporation, and C.R. Bard, Inc.'s principal place of business is located in New Jersey. *See* Pet. at ¶4. Accordingly, C.R. Bard, Inc. is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1). Plaintiff alleges that C.R. Bard, Inc.'s principal place of business is in New Jersey. Pet. at ¶3.

16. Defendant and Plaintiff are therefore citizens of different states for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332.

17. Because Plaintiff and Defendant are citizens of different states and the amount-in-controversy requirement is met, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, and removal is appropriate under 28 U.S.C. § 1441.

### III.     CONCLUSION

18.     WHEREFORE, Defendant respectfully requests that the above-described case be removed from the 293rd Judicial District, Maverick County, Texas, to the United States District Court for the Western District of Texas, Del Rio Division.

DATED: May 13, 2019                    Respectfully submitted,

                                                  REED SMITH LLP

                                                  By: */s/ Curtis R. Waldo*
                                                       Curtis R. Waldo
                                                        (*Attorney-in-charge*)
                                                        State Bar No. 24090452
                                                        Fed. Bar No. 2331235
                                                        cwaldo@reedsmith.com
                                                        811 Main Street, Suite 1700
                                                        Houston, Texas 77002-6110
                                                        Telephone:  713.469.3800
                                                        Facsimile:  713.469.3899

                                                **ATTORNEY FOR DEFENDANT**
                                                **C. R. BARD, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been forwarded to counsel for Plaintiff, by certified mail, return receipt requested, this 13th day of May, 2019.

**Counsel for Plaintiff**

Nicole E. Henning
State Bar No. 24013054
The Henning Firm
435 W. Nakoma, Suite 101
San Antonio, TX 78216
Telephone: (210) 563-7828
Facsimile:  (210) 563-7829
E-mail: nicole@henningfirm.com

> */s/ Curtis R. Waldo*
> Curtis R. Waldo